CHARLES P. WEBBER et als. *vs.* WILHELMINA G. MIXTER.

Washington.     Opinion July 26, 1923.

*The law in this case is the same and the facts substantially the same as in the case,*
*Webber v. Austin, the preceding case.*

The plaintiffs are entitled to judgment for the demanded premises except the
building and lot as described in the opinion.

On report.   A real action to recover land in the village of Grand
Lake Stream, in the Plantation of Grand Lake Stream.   Plea, nul
disseizin.   At the conclusion of the testimony, by agreement of the
parties, the case was reported to the Law Court.  Judgment for
plaintiffs except the building and lot.

The case is stated in the opinion.

*C. B. & E. C. Donworth and Ryder & Simpson,* for plaintiffs.

*R. J. McGarrigle, F. B. Livingstone and W. R. Pattangall,* for
defendant.

SITTING:  CORNISH, C. J., HANSON, DUNN, MORRILL, DEASY, JJ.

DEASY, J.   In its legal aspects this case is precisely like the case of
*Webber* v. *Austin* and the facts are in most respects the same.

In 1896 a house was standing upon the disputed lot.   This house
"with the land belonging to the same" was conveyed by the plaintiff
Charles P. Webber to the International Leather Co.   The defendant
holds under the Leather Co.   She has title to the lot thus conveyed.
She shows no title to any other land.   The case falls far short of
proving twenty years of adverse possession.

In this case we think it possible to determine with a reasonable
approximation of certainty what is covered by the term "land belong-
ing to the same."

In Colby's Atlas a considerable part of the village of Grand Lake
Stream is divided into house lots with generally uniform dimensions
of about five by eight rods.

In 1896 a house was standing upon one of these lots (delineated upon the Atlas plan but not numbered) within the area involved in this suit. This house and land belonging thereto passed to the Leather Company by the plaintiffs' deed. The defendant claims under the Leather Co. The plaintiff was familiar with Colby's Atlas. In his deed to the Leather Company he five times referred to it. In conveying the house and land belonging thereto it is fair to presume that he meant the lot upon which the house stood as such lot was shown in the Atlas. But the defendant's deeds and apparently the writ cover only the northern fifty feet of the original lot. From the Atlas and the other evidence in the case we determine that there should be excepted in favor of the defendant, land thus described:

A lot, being a part of the section between Lake and Bates Streets as shown in Colby's Atlas, bounded westerly by Church Street, easterly by a line parallel with Church Street and eight rods easterly from the east line thereof, northerly by the north line of Lot 10 in said section, projected easterly, and southerly by a line parallel with the north line and fifty feet southerly therefrom. The rest of the land the plaintiffs are entitled to recover.

The plaintiffs should therefore have judgment for the land described in their writ, except the part thereof hereinabove described as conveyed by the plaintiff, C. P. Webber and through intermediate conveyances acquired by the defendant.

> *Judgment for plaintiffs*
> *as stated in opinion.*
> *No damages.*